IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHN ALAN BENNETT,

    Plaintiff,

v.

WARE COUNTY JAIL ADMINISTRATION;
DR. FNUK ROBLE; RANDY ROYALES;
and CAPTAIN FNUK STAPLETON,

    Defendants.

CIVIL ACTION NO.: CV513-061

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is detained at Ware County Jail in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that his right thumb is swollen, discolored, disfigured, and "leaking infection constantly." (Doc. No. 1, p. 5). Plaintiff states that, although he has been to the medical unit many times, staff have misdiagnosed and treated him in an incorrect manner. Plaintiff recently wrote a letter to the Court in which he states that, a week before a sick call visit, the pain in his thumb was so unbearable that he had to cut open his thumb, and he removed a "hard core" which was in the thumb. (Doc. No. 6). Plaintiff also states that his thumb has started to heal, but it is still deformed and he has slight nerve damage in the tip. Plaintiff names the Ware County Jail Administration, Medical Administration-Dr. Roble, Sheriff Randy Royales, and Captain Stapleton-Chief Jailer as Defendants.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the

AO 72A
(Rev. 8/82)

Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to make a particular allegation against any individual who may have been responsible for his requested medical attention. As Plaintiff makes no factual allegations against Defendants, Plaintiff's Complaint should be dismissed for this reason.

In addition, the Eighth Amendment's proscription against cruel and unusual punishment imposes on the government an affirmative obligation to provide minimally adequate medical care to inmates whom they are punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).[1] Society's "contemporary standards of decency" do not condone the unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103-104.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. Additionally, negligence "does not become a

---

[1] A deliberate indifference cause of action grew up in Eighth Amendment jurisprudence and applies only to convicted prisoners. Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1318 n.13 (11th Cir. 2005). Where, as here, the plaintiff is a pretrial detainee, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment, governs our analysis. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). Regardless of the particular taxonomy under which a case is analyzed, however, the result is the same because the standards under the Fourteenth Amendment are identical to those under the Eighth Amendment.

constitutional violation merely because the victim is a [detainee]." Id. at 106. Neither does a difference in opinion between the prison's medical staff and the detainee as to diagnosis or course of treatment amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when deliberate indifference to an inmate's serious medical need is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

A heavy burden is placed on detainees alleging an Eighth Amendment violation based on deliberate indifference to a serious medical need. To succeed on a claim of inadequate medical treatment, an inmate must set forth evidence of an objectively serious deprivation of medical care demonstrating: (1) an objectively serious medical need, and (2) deliberate indifference to that need. Bingham v. Thomas, 654 F3d 1171, 1175-76 (11th Cir. 2011). Plaintiff has failed to show anything more than that he disagreed with how his injured thumb was treated, not that the named Defendants were deliberately indifferent to a serious medical need.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 6th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE